UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                    Criminal Case No. 19-20651
                                    Honorable Linda V. Parker

WILLIE ALDRIDGE,

        Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On November 13, 2019, Defendant pleaded guilty pursuant to a Rule 11 Plea Agreement to theft of government funds in violation of 18 U.S.C. § 641. (ECF No. 9.) While this Court sentenced Defendant to a term of imprisonment of five months on March 3, 2020 (ECF No. 50), several stipulated orders have been entered extending the date Defendant is required to begin serving her sentence due to the ongoing COVID-19 pandemic (ECF Nos. 20, 21, 22, 28). Defendant is 76 years old and suffers from several medical conditions which the CDC identifies as placing individuals at increased risk of a serious outcome if they contract the virus. (*Id*.)

Despite the fact that Defendant is not yet incarcerated, she filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) on December 7,

2020.  (ECF No. 24.)  The Government opposes Defendant's request, arguing in part that there is no controlling authority supporting release of a not-yet incarcerated defendant.  (ECF No. 27.)  The Government also argues that Defendant has not satisfied the statute's exhaustion requirement, that she fails to demonstrate extraordinary and compelling reasons for compassionate release, and that the factors in 18 U.S.C. § 3553(a) weigh strongly against relief.  (*Id.*)

This Court joins the many other district courts in concluding that § 3582(c)(1)(A) does not permit the reduction of a defendant's sentence where the defendant has not yet begun serving his or her sentence.  *See, e.g., United States v. Jordan*, 472 F. Supp. 3d 59, 62-63 (S.D.N.Y. July 16, 2020) (citing cases); *United States v. Nazer*, 458 F. Supp. 3d 967, 970-71 (N.D. Ill. May 6, 2020); *United States v. Spruill*, No. 18-cr-0022, 2020 WL 2113621. at *3 (D. Conn. May 4, 2020).  Until a defendant is in custody, he or she cannot satisfy the statute's exhaustion requirement.  In any event, Defendant cannot demonstrate extraordinary and compelling circumstances warranting a reduction of her sentence where she depends on the risk COVID-19 poses *if* she were incarcerated.  Such a risk is now purely speculative.  Given the Government's and this Court's willingness thus far to delay Defendant's surrender date while the pandemic continues, it is likely that she will be required to begin serving her sentence only after the risks identified in her motion have abated.

A district court is authorized to modify a defendant's sentence only in those instances where Congress by statute has granted it jurisdiction to do so. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009); 18 U.S.C. § 3582(c). Those statutory exceptions are narrow. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Section 3582(c)(1)(A) provides one of those circumstances. *See* 18 U.S.C. § 3582(c)(1)(A). As discussed above, however, this provision is currently not available to Defendant. Alternatively, a court may modify a defendant's sentence where (i) modification is permitted under Federal Rule of Criminal Procedure 35, *see id.* § 3582(c)(1)(B); (ii) the guideline range for the offense of conviction has been retroactively lowered, *see id.* § 3582(c)(2); or (iii) another statute expressly permits it, *see id.* § 3582(c)(1)(B). None of these avenues are available to Defendant, either.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

    s/ Linda V. Parker
    LINDA V. PARKER
    U.S. DISTRICT JUDGE

Dated: January 28, 2021